UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CONRAD ULZ, | ) | No. 05 B 1818 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOSEPH E. COHEN, as Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 A 1047 |
| | ) | |
| CONRAD J. ULZ, MARY ANN ULZ, and REBECCA ULZ, | ) | |
| | ) | |
| Defendants. | ) | Judge Goldgar |

## AMENDED MEMORANDUM OPINION

This matter is before the court for ruling on the motions of defendants Conrad J. Ulz, Mary Ann Ulz and Rebecca Ulz to dismiss the amended complaint of chapter 7 trustee Joseph E. Cohen for failure to state a claim. For the reasons that follow, the motions will be denied.

### a. Background

Conrad Ulz is the debtor in this chapter 7 bankruptcy. Mary Ann Ulz is his wife. Rebecca Ulz is the daughter of Conrad and Mary Ann. Joseph E. Cohen is the trustee of Conrad's bankruptcy estate.

In his amended complaint, Cohen alleges the following facts which are taken

-2-

as true for purposes of the motions. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). On January 20, 2005, when Conrad filed his case, he had an interest in certain property, specifically: a residence located at 1017 Dover Court in Libertyville; a not-for-profit corporation known as "MRC of Illinois"; three cars; antiques located at the Libertyville residence; funds in two bank accounts; and certain shares of stock. Conrad was and is the "[de] facto owner" of all the property, although "nominal title" has been placed in the names of Mary Ann and Rebecca, because Conrad "owns, manages, operates, and controls the property." Conrad had the property titled to his wife and daughter, Cohen alleges, merely to shield it from his creditors.

Cohen asks the court to "determine the respective rights of the debtor and the defendants" in the property and order the turnover of any property found to be property of the estate pursuant to section 542(b) of the Bankruptcy Code, 11 U.S.C. § 542(b).

### b. Discussion

The Ulzes' basis for dismissal is straightforward. They argue that turnover is not a means for determining rights to property and is available only when the property in question is plainly property of the estate. Thus, Cohen could not bring a turnover action until he first brought and prevailed in an action under sections 544, 547,or 548 of the Bankruptcy Code, 11 U.S.C. §§ 544, 547-48, and it is far too late to do that now.

The Ulzes are mistaken. Many cases do say that "[t]urnover is not intended as

a remedy to determine disputed rights of parties to property" but only "to obtain what is acknowledged to be property of the bankruptcy estate." *Helms v. Roti (In re Roti)*, 271 B.R. 281, 291 (Bankr. N.D. Ill. 2002); *see also Connolly v. City of Houston (In re Western Integrated Networks, LLC*, 329 B.R. 334, 342 (Bankr. D. Colo. 2005); *In re Rosenzweig*, 245 B.R. 836, 839-40 (Bankr. N.D. Ill. 2000).

These cases, though, mean that a turnover action is not a substitute for a fraudulent transfer action or other, similar remedies. The turnover remedy, in other words, cannot be used to reacquire the debtor's interest in property when it has been transferred to someone else. *See Roti*, 271 B.R. at 291 (noting that "if the debtor does not have the right to possess or use property at the commencement of a case, a turnover action cannot be a tool to acquire such rights"); *Rosenzweig*, 245 B.R. at 840; *see also Stanziale v. Pepper Hamilton LLP (In re Student Fin. Corp.)*, 335 B.R. 539, 554 (D. Del. 2005) (holding that turnover action was unavailable where "the transfer of the interests in question here has not yet been avoided"); *Liquidating Trustee of the Amcast Unsecured Creditor Liquidating Trust v. Baker (In re Amcast Indus. Corp.)*, 365 B.R. 91, 122 (Bankr. S.D. Ohio 2007).

Cohen is not asking in his amended complaint to avoid any transactions, nor is he seeking to "acquire" any rights in property that Conrad transferred to someone else. Cohen maintains that when the case was filed, Conrad held interests in the property in question, and that in fact he still holds those interests. Bare legal title may have been vested in Mary Ann and Rebecca, Cohen alleges, but Conrad at all

times controlled the property and so was then and still is the true owner.[1] Cohen asks the court to "determine the respective rights of the debtor and defendants" only because Conrad denies having any interest in the property and insists all rights in the property belong to Mary Ann and Rebecca.

Cohen's theory is perfectly viable. A debtor's bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "[E]very conceivable interest of the debtor . . . is within the reach of § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Whether the debtor has an interest in property in the first place, however, is a matter of state law. *In re Okon*, 310 B.R. 603, 607 (Bankr. N.D. Ill. 2004).

Under Illinois law, ownership rights in property do not depend solely on formalities of title. A person may have an interest in property – and may even be considered the owner – although someone else has title. *See* 30A Illinois Law & Prac. *Property* § 11 (1994). Conrad, then, could well have an interest not only in the antiques (personal property not subject to any sort of "title" system), but in the other property mentioned in Cohen's amended complaint:

- Real estate. *See Azar v. Old Willow Falls Condo. Ass'n*, 228 Ill. App. 3d 753, 756, 593 N.E.2d 583, 586 (1st Dist. 1992) (stating that "title to property does not necessarily involve ownership," and that "ownership is comparable to control"); *IMM Acceptance Corp. v. First*

---

[1] In asserting that Cohen concedes the property "is not owned by the Debtor or in his possession" (Mot. at ¶ 9), Mary Ann and Rebecca misread the amended complaint. That is precisely Cohen's contention.

*Nat'l Bank & Trust Co. of Evanston*, 148 Ill. App. 3d 949, 954-55, 499 N.E.2d 1012, 1015 (2nd Dist. 1986) (same).

- Cars. *See Dan Pilson Auto Ctr., Inc. v. DeMarco*, 156 Ill. App. 3d 617, 620-21, 509 N.E.2d 159, 161 (4th Dist. 1987) (stating that ownership depends on the "intent of the parties," and "it is possible to own an automobile even though the certificate of title is in the name of another"); *see also Libertyville Toyota v. U.S. Bank*, 371 Ill. App. 3d 1009, 1013, 864 N.E.2d 850, 854 (1st Dist. 2007) (same).

- Shares of stock. *See Connelly v. Estate of Dooley*, 96 Ill. App. 3d 1077, 1082, 422 N.E.2d 143, 147 (1st Dist. 1981) (noting that "[p]ossession of a stock certificate is not a prerequisite to ownership of an interest in a corporation"); *see, e.g., Nolan v. American Tel. & Tel. Co.*, 326 Ill. App. 328, 345, 61 N.E.2d 876, 883 (1st Dist. 1945) (finding that corporate stock did not belong to daughter where father who was "worried about his creditors" had put stock in daughter's name "as his nominee and for his benefit").

- Bank accounts. *See In re Estate of Muhammad*, 165 Ill. App. 3d 890, 893, 520 N.E.2d 795, 797 (1st Dist. 1987) (stating that "true ownership of a deposit may be proved to be in another than the person in whose name it is made, and courts may use their equitable powers to determine the beneficial or equitable owner of an account") (internal quotation omitted); *see also Barber v. Unionbank (In re Johnson)*, 232 B.R. 735, 739 (Bankr. C.D. Ill. 1999) (noting that Illinois law rejects

"the contention that the contract between the bank and the depositor [is] conclusive as to ownership of the account[ ]").

Only the not-for-profit corporation, MRC of Illinois, is problematic. A not-for-profit corporation in Illinois cannot issue shares. *See* 805 ILCS 105/106.05 (2006). It has no shareholders, and therefore it has no owner. *See Macaluso v. Jenkins*, 95 Ill. App. 3d 461, 465, 420 N.E.2d 251, 255 (2nd Dist. 1981); *see generally* 1 William Meade Fletcher, *Cyclopedia of the Law of Corporations* § 68.05 at 418 (2006). Conrad accordingly has no ownership interest in MRC of Illinois – no one does – and he cannot be compelled to turn that interest over to Cohen.

Conrad may, however, have other interests in the corporation. For example, not-for-profit corporations in Illinois are permitted to have members, *see* 805 ILCS 105/107.03(a) (2006), and, depending on what the articles and by-laws say, the members may have distributive rights to corporate assets on dissolution, *see* 805 ILCS 105/112.16(d) (2006). Cohen may be able to obtain turnover of these kinds of interests, should they exist. At the pleading stage, then, the possibility of some turnover order in connection with MRC of Illinois, if not an order requiring turnover of the corporation itself, cannot be ruled out.

### c. Conclusion

For these reasons, the motions of Conrad Ulz, Mary Ann Ulz, and Rebecca Ulz to dismiss the amended complaint of chapter 7 trustee Joseph E. Cohen are denied.

Dated: June 16, 2008

                                        A. Benjamin Goldgar
                                        United States Bankruptcy Judge